**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Olymphia H. Johnson,<br><br>     Debtor.<br><br><br>Mortgage Assets Management, LLC,<br>     Movant,<br><br>       v.<br><br>Olymphia H. Johnson,<br><br>     Debtor/Respondent,<br><br>KENNETH E. WEST,<br><br>     Trustee/Additional Respondent. | Bankruptcy No. 24-11756-djb<br><br>Chapter 13<br><br><br><br>Hearing Date: March 26, 2026<br>Hearing Time: 11:00 A.M.<br>Hearing Location: 900 Market Street<br>Courtroom Number #2<br>Philadelphia, PA 19107 |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY**

Mortgage Assets Management, LLC ("Secured Creditor" or "Movant"), and  Olymphia H.

Johnson, ("Debtor"), by and through the undersigned attorneys, hereby stipulate as follows:

**I.      BACKGROUND:**

1. On July 19, 2010, Olymphia Johnson executed and delivered a Promissory Note ("Note") and

   Mortgage ("Mortgage") securing payment of the Note in the amount of $496,500.00.

2. The Mortgage was recorded on August 13, 2010, with the Philadelphia County Recorder of Deeds.

3. The Mortgage was secured as a lien against the real property located in Philadelphia County

   commonly known as 242 Christian Street, Philadelphia, Pennsylvania 19147 (the "Property").

4. The Note and Mortgage were last assigned to Mortgage Assets Management, LLC.

5. Debtor defaulted under the terms of the Note and Mortgage by failing to make monthly post-petition

   payments of principal, interest and escrow when they became due.  As of March 17, 2026, the post-

petition arrears owed Movant is $2,434.79 and consists of 2024-2025 Hazard Insurance Advancement in the amount of $1,312.00, and Attorney fees and costs in the amount of $1,549.00, less a recent payment of $426.21.

6. Thus, Debtor's post-petition arrears currently totals $2,861.00.

7. Mortgage Assets Management, LLC, and Debtor desire to resolve Debtor's post-petition arrears in accordance with the terms set forth below:

**II.    <u>STIPULATION FOR RELIEF FROM STAY</u>**

8. Debtor confirms and acknowledges his financial obligations to Mortgage Assets Management, LLC under the Note and Mortgage.

9. Debtor further confirms and acknowledges his failure to make post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth in Paragraphs 5 and 6 above.

10. Debtor further agrees to file an Amended Plan within 30 days of the entry of an Order Approving this Stipulation that will include treatment of 2024-2025 Hazard Insurance Advancement owed to Mortgage Assets Management, LLC.  The Plan shall include language that 2024-2025 Hazard Insurance Advancement shall be paid over the remaining life of the plan in payments by the Chapter 13 Trustee.  If required, Mortgage Assets Management, LLC shall file a supplemental claim or amended proof of claim reflecting the 2024-2025 Hazard Insurance Advancement. Payments should be remitted to:

**PHH Mortgage**

**Attn: Bankruptcy Department**

**P.O. Box 24605 West Palm Beach, FL 33416**

11. In the event that Debtor converts to a Chapter 7 bankruptcy during the pendency of this

bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion.  Should the Debtor fail to cure the arrears, Mortgage Assets Management, LLC, will issue and serve upon Debtor's attorney written notification of default ("Notice") of this Stipulation.  If the default is not cured within fifteen (15) days of the Notice, Mortgage Assets Management, LLC, may file a Certification of Default with the Bankruptcy Court ("Court") and the Court shall enter an Order granting relief from the Automatic Stay.

12. In the event the Debtor defaults on his obligations under this Stipulation by failing to comply with the provisions as set forth above in Paragraph 11 and/or tender in full any of the payments described in Paragraph 12, on or before the dates upon which they are due, then Mortgage Assets Management, LLC, its successors and/or assigns shall serve attorney for the Debtor via facsimile, electronic mail, and/or First Class Mail, postage prepaid, with written notification of the default. In the event that Debtor fails to cure the default within fifteen (15) days of the date of the Notice, then, Mortgage Assets Management, LLC may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon Mortgage Assets Management, LLC, or its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation without further notice to Debtor or the Order of this Court.  If Movant is required to issue a Notice of Default, the Debtor shall pay $125.00 per notice, as attorney fees, in addition to all funds required to fully cure the default prior to the expiration of the allowed cure period.

13. In addition, Debtor agrees that he is not permitted more than two (2) defaults from the date of this Stipulation.  Debtor agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without further notice, Mortgage Assets Management, LLC, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order

granting relief from the Automatic Stay, where upon Mortgage Assets Management, LLC, its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation.

14. Neither Mortgage Assets Management, LLC's consent to this Stipulation nor Mortgage Assets Management, LLC's acceptance of any payments tendered by or on behalf of Debtor shall be construed as a waiver of Mortgage Assets Management, LLC's right to proceed with or commence a foreclosure other legal action against Debtor under this Stipulation.  However, Mortgage Assets Management, LLC, agrees to credit the mortgage account of Debtor for all payments made in accordance with this Stipulation, the Note and/or Mortgage.

15. This Stipulation may only be modified by a revised Stipulation filed on the docket in the U.S. Bankruptcy Court ("Court").  No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation as filed on the docket in the Bankruptcy.

16. Debtor hereby certifies and confirms that he has reviewed the terms of the Stipulation with his attorney, understands and is in agreement with the terms of this Stipulation, and authorizes his attorney to execute this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Sherri R. Dicks                                    Date:   4/17/2026
**SHERRI R. DICKS**
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA Bar No. 90600
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
Email: sdicks@raslg.com
Attorneys for Movant

/s/   Brad J. Sadek_____ *with express permission*     Date: ___4/29/2026___
**BRAD J. SADEK**
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
215-545-0008
Fax : 215-545-0611
Email: brad@sadeklaw.com

NO OPPOSITION: Without Prejudice to Any
                         Trustee Rights and Remedies

/s/ LeeAne O. Huggins     *with express permission*     Date: ___May 1, 2026___
**KENNETH E. WEST**
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107
215-627-1377
Fax : 215-627-6299
Email: ecfemails@ph13trustee.com